FILED
7/19/2021 8:48 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L007265

14083553

FILED DATE: 7/19/2021 8:48 AM   2021L007265

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. **2021L007265** ) |
| INFINITY GYMNASTICS ACADEMY, LLC, A Limited Liability Company, JULIE STEPANCHENKO, and CHRISTOPHER GARCES, | ) ) ) ) *Plaintiffs demands trial by jury* |
| Defendants. | ) ) |

## COMPLAINT AT LAW

### COUNT I
### NEGLIGENCE
### INFINITY GYMNASTICS ACADEMY, LLC

Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, by their attorneys CLIFFORD LAW OFFICES, P.C. complaining of Defendant INFINITY GYMNASTICS ACADEMY, LLC state as follows:

1. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC was an Illinois limited liability company providing gymnastics training and coaching services located at 10210 Werch Drive, Suite 206, Woodridge, Illinois. On information and belief, Defendant INFINITY GYMNASTICS ACADEMY, LLC is no longer open for business.

2. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO was the owner and head coach at Defendant INFINITY

1

FILED DATE: 7/19/2021 8:48 AM 2021L007265

GYMNASTICS ACADEMY, LLC. Upon information and belief, Defendant JULIE STEPANCHENKO resides in the Village of Lemont, County of Cook, State of Illinois.

3. At all relevant times herein, Plaintiffs JOHN DOE and JANE DOE are the parents and next friends of MARY DOE, a minor.

4. At all relevant times herein, MARY DOE is and was a minor. MARY DOE is a minor at the time of the filing of this lawsuit.

5. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC employed CHRISTOPHER GARCES as gymnastics coach for Defendant INFINITY GYMNASTICS ACADEMY, LLC.

6. Upon information and belief, Defendant CHRISTOPHER GARCES resides in the Village of Niles, County of Cook, State of Illinois.

7. Between June 2017 through March 2018, and at all times relevant herein, Defendant CHRISTOPHER GARCES was an actual and/or apparent employee and/or agent of Defendant INFINITY GYMNASTICS ACADEMY, LLC.

8. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC placed CHRISTOPHER GARCES in a position of trust and authority as gymnastics coach for students at INFINITY GYMNASTICS ACADEMY, LLC, including Plaintiffs' child MARY DOE.

9. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC implemented a child protection policy which required that at least two adults to be present with any child at all times and that an adult could never be alone with a child, including Plaintiffs' child MARY DOE.

10. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC knew or should have known that this aforementioned child protection policy was necessary to ensure the safety and well-being of all children who participated in gymnastics training.

11. Between June 2017 through March 2018, and at all times relevant herein, Plaintiffs JOHN DOE and JANE DOE relied on Defendant INFINITY GYMNASTICS ACADEMY, LLC's representations regarding its representations of its child protection policy that at least two adults would always be present with any child and that an adult would never be alone with a child at any time, and consequently, Plaintiffs JOHN DOE and JANE DOE entrusted their child MARY DOE.

12. Between June 2017 through March 2018, Defendant INFINITY GYMNASTICS ACADEMY, LLC voluntarily undertook custody of children, including Plaintiffs' child MARY DOE, where it provided gymnastics training.

13. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC failed to adequately train Defendant CHRISTOPHER GARCES regarding its policy that at least two adults must be present with a child at all times and that an adult could never be alone with a child, including Plaintiffs' child MARY DOE.

14. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC knew or should have known that adults supervising children should be adequately trained on its policy which required at least two adults to be present with any child at all times and prohibited an adult from being alone with a child at any time to ensure the safety and well-being of the children attending this service project.

3

15. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC failed to adequately train any adults it employed on its policy requiring at least two adults present with a child at all times and prohibiting an adult to be alone with a child at any time.

16. Between June 2017 through March 2018, Plaintiffs' child MARY DOE was under the exclusive care, custody, and control of Defendant INFINITY GYMNASTICS ACADEMY, LLC during her gymnastics training.

17. Between June 2017 through March 2018, Plaintiffs JOHN DOE and JANE DOE and Plaintiffs' child MARY DOE relied upon and expected that Defendant INFINITY GYMNASTICS ACADEMY, LLC would supervise, adhere, and enforce its child protection policy that required at least two adults to be present with any child at all times and prohibited an adult from being alone with a child at any time to ensure the safety and well-being of the children at the gymnastics facility.

18. Between June 2017 through March 2018, Defendant CHRISTOPHER GARCES had unsupervised times alone with Plaintiffs' child MARY DOE.

19. Between June 2017 through March 2018, other adults supervising gymnastics training as agents acting on behalf of Defendant INFINITY GYMNASTICS ACADEMY, LLC knew or should have known that Defendant CHRISTOPHER GARCES was alone with MARY DOE in violation of its aforementioned child protection policy.

20. Between June 2017 through March 2018, Defendant INFINITY GYMNASTICS ACADEMY, LLC knew or should have known that Defendant CHRISTOPHER GARCES had unsupervised times alone with Plaintiffs' child MARY DOE, but Defendant INFINITY

4

GYMNASTICS ACADEMY, LLC failed to prevent and intervene in these unsupervised times alone in violation of its aforementioned child protection policy.

21. Between June 2017 through March 2018, Defendant INFINITY GYMNASTICS ACADEMY, LLC failed to enforce its aforementioned child protection policy where Defendant CHRISTOPHER GARCES was allowed unsupervised times alone with Plaintiffs' child MARY DOE.

22. During these periods of unsupervised times Between June 2017 through March 2018, Defendant CHRISTOPHER GARCES perpetuated sexual assault against Plaintiffs' child MARY DOE on numerous occasions.

23. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC had the duty to exercise ordinary care in ensuring the care and safety of Plaintiffs' child MARY DOE.

24. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC breached said duty.

25. Between June 2017 through March 2018, and at all times relevant herein, Defendant INFINITY GYMNASTICS ACADEMY, LLC, was negligent in one or more of the following ways:

    a. Failed to adequately train CHRISTOPHER GARCES on its child protection policy that at least two adults must always be present with children and adults are prohibited from being alone with children, including Plaintiffs' child MARY DOE;

    b. Failed to adequately monitor or supervise its adult staff, including CHRISTOPHER GARCES, to ensure compliance with its child protection policy requiring at least two adults were always present with children and adults were prohibited from being alone with children, including Plaintiffs' child MARY DOE;

    c. Failed to adequately train staff to ensure compliance with its child protection policy requiring at least two adults present with children at all times and adults were not alone with children, including Plaintiffs' child MARY DOE;

5

d. Failed to adequately staff to ensure compliance with its child protection policy that it had at least two adults present with children and adults were not alone with children, including Plaintiffs' child MARY DOE;

e. Failed to implement adequate and appropriate policies and procedures to protect the safety and well-being of children, including Plaintiffs' child MARY DOE; and

f. Was otherwise negligent.

26. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant INFINITY GYMNASTICS ACADEMY, LLC, Plaintiffs' child MARY DOE, sustained and will continue to suffer injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, demand judgment against Defendant INFINITY GYMNASTICS ACADEMY, LLC, a Limited Liability Company, in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

## COUNT II
## NEGLIGENCE
## JULIE STEPANCHENKO

Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, by their attorneys CLIFFORD LAW OFFICES, P.C. complaining of Defendant JULIE STEPANCHENKO state as follows:

1. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO was the owner and head coach at Defendant INFINITY GYMNASTICS ACADEMY, LLC which was an Illinois limited liability company providing gymnastics training and coaching services located at 10210 Werch Drive, Suite 206, Woodridge, Illinois. On information and belief, Defendant INFINITY GYMNASTICS ACADEMY, LLC is no longer open for business.

6

2. Upon information and belief, Defendant JULIE STEPANCHENKO resides in the Village of Lemont, County of Cook, State of Illinois.

3. At all relevant times herein, Plaintiffs JOHN DOE and JANE DOE are the parents and next friends of MARY DOE, a minor.

4. At all relevant times herein, MARY DOE is and was a minor. MARY DOE is a minor at the time of the filing of this lawsuit.

5. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO employed CHRISTOPHER GARCES as gymnastics coach for Defendant INFINITY GYMNASTICS ACADEMY, LLC.

6. Upon information and belief, Defendant CHRISTOPHER GARCES resides in the Village of Niles, County of Cook, State of Illinois.

7. Between June 2017 through March 2018, and at all times relevant herein, Defendant CHRISTOPHER GARCES was an actual and/or apparent employee and/or agent of Defendant INFINITY GYMNASTICS ACADEMY, LLC.

8. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO placed CHRISTOPHER GARCES in a position of trust and authority as gymnastics coach for students at INFINITY GYMNASTICS ACADEMY, LLC, including Plaintiffs' child MARY DOE.

9. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO implemented a child protection policy which required that at least two adults to be present with any child at all times and that an adult could never be alone with a child, including Plaintiffs' child MARY DOE.

7

10. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO knew or should have known that this aforementioned child protection policy was necessary to ensure the safety and well-being of all children who participated in gymnastics training.

11. Between June 2017 through March 2018, and at all times relevant herein, Plaintiffs JOHN DOE and JANE DOE relied on Defendant JULIE STEPANCHENKO's representations regarding its representations of its child protection policy that at least two adults would always be present with any child and that an adult would never be alone with a child at any time, and consequently, Plaintiffs JOHN DOE and JANE DOE entrusted their child MARY DOE.

12. Between June 2017 through March 2018, Defendant JULIE STEPANCHENKO voluntarily undertook custody of children, including Plaintiffs' child MARY DOE, where it provided gymnastics training.

13. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO failed to adequately train Defendant CHRISTOPHER GARCES regarding its policy that at least two adults must be present with a child at all times and that an adult could never be alone with a child, including Plaintiffs' child MARY DOE.

14. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO knew or should have known that adults supervising children should be adequately trained on its policy which required at least two adults to be present with any child at all times and prohibited an adult from being alone with a child at any time to ensure the safety and well-being of the children attending this service project.

15. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO failed to adequately train any adults it employed on its

8

policy requiring at least two adults present with a child at all times and prohibiting an adult to be alone with a child at any time.

16. Between June 2017 through March 2018, Plaintiffs' child MARY DOE was under the exclusive care, custody, and control of Defendant JULIE STEPANCHENKO during her gymnastics training.

17. Between June 2017 through March 2018, Plaintiffs JOHN DOE and JANE DOE and Plaintiffs' child MARY DOE relied upon and expected that Defendant JULIE STEPANCHENKO would supervise, adhere, and enforce its child protection policy that required at least two adults to be present with any child at all times and prohibited an adult from being alone with a child at any time to ensure the safety and well-being of the children at the gymnastics facility.

18. Between June 2017 through March 2018, Defendant CHRISTOPHER GARCES had unsupervised times alone with Plaintiffs' child MARY DOE.

19. Between June 2017 through March 2018, other adults supervising gymnastics training as agents acting on behalf of Defendant JULIE STEPANCHENKO knew or should have known that Defendant CHRISTOPHER GARCES was alone with MARY DOE in violation of its aforementioned child protection policy.

20. Between June 2017 through March 2018, Defendant JULIE STEPANCHENKO knew or should have known that Defendant CHRISTOPHER GARCES had unsupervised times alone with Plaintiffs' child MARY DOE, but Defendant JULIE STEPANCHENKO failed to prevent and intervene in these unsupervised times alone in violation of its aforementioned child protection policy.

21. Between June 2017 through March 2018, Defendant JULIE STEPANCHENKO failed to enforce the aforementioned child protection policy where Defendant CHRISTOPHER GARCES was allowed unsupervised times alone with Plaintiffs' child MARY DOE.

22. During these periods of unsupervised times Between June 2017 through March 2018, Defendant CHRISTOPHER GARCES perpetuated sexual assault against Plaintiffs' child MARY DOE on numerous occasions.

23. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO had the duty to exercise ordinary care in ensuring the care and safety of Plaintiffs' child MARY DOE.

24. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO breached said duty.

25. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO, was negligent in one or more of the following ways:

    a. Failed to adequately train CHRISTOPHER GARCES on its child protection policy that at least two adults must always be present with children and adults are prohibited from being alone with children, including Plaintiffs' child MARY DOE;

    b. Failed to adequately monitor or supervise its adult staff, including CHRISTOPHER GARCES, to ensure compliance with its child protection policy requiring at least two adults were always present with children and adults were prohibited from being alone with children, including Plaintiffs' child MARY DOE;

    c. Failed to adequately train staff to ensure compliance with its child protection policy requiring at least two adults present with children at all times and adults were not alone with children, including Plaintiffs' child MARY DOE;

    d. Failed to adequately staff to ensure compliance with its child protection policy that it had at least two adults present with children and adults were not alone with children, including Plaintiffs' child MARY DOE;

    e. Failed to implement adequate and appropriate policies and procedures to protect the safety and well-being of children, including Plaintiffs' child MARY DOE; and

FILED DATE: 7/19/2021 8:48 AM 2021L007265

  f.  Was otherwise negligent.

  26. As a direct and proximate result of the aforesaid negligent acts and/or omissions by Defendant JULIE STEPANCHENKO, Plaintiffs' child MARY DOE, sustained and will continue to suffer injuries of a personal and pecuniary nature.

  WHEREFORE, Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, demand judgment against Defendant JULIE STEPANCHENKO in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

**COUNT III**
**BATTERY**
**CHRISTOPHER GARCES**

  Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, by their attorneys CLIFFORD LAW OFFICES, P.C. complaining of Defendant CHRISTOPHER GARCES states as follows:

  1. Between June 2017 through March 2018, and at all times relevant herein, Defendant JULIE STEPANCHENKO was the owner and head coach at Defendant INFINITY GYMNASTICS ACADEMY, LLC which was an Illinois limited liability company providing gymnastics training and coaching services located at 10210 Werch Drive, Suite 206, Woodridge, Illinois. On information and belief, Defendant INFINITY GYMNASTICS ACADEMY, LLC is no longer open for business.

  2. Upon information and belief, Defendant JULIE STEPANCHENKO resides in the Village of Lemont, County of Cook, State of Illinois.

  3. At all relevant times herein, Plaintiffs JOHN DOE and JANE DOE are the parents and next friends of MARY DOE, a minor.

11

4. At all relevant times herein, MARY DOE is and was a minor. MARY DOE is a minor at the time of the filing of this lawsuit.

5. Between June 2017 through March 2018, and at all times relevant herein, Defendant CHRISTOPHER GARCES was a gymnastics coach for Defendant INFINITY GYMNASTICS ACADEMY, LLC.

6. Upon information and belief, Defendant CHRISTOPHER GARCES resides in the Village of Niles, County of Cook, State of Illinois.

7. Between June 2017 through March 2018, and at all times relevant herein, Defendant CHRISTOPHER GARCES was an actual and/or apparent employee and/or agent of Defendant INFINITY GYMNASTICS ACADEMY, LLC.

8. Between June 2017 through March 2018, and at all times relevant herein, Defendant CHRISTOPHER GARCES held a position of trust and authority as gymnastics coach for students at INFINITY GYMNASTICS ACADEMY, LLC, including Plaintiffs' child MARY DOE.

9. Between June 2017 through March 2018, Defendant CHRISTOPHER GARCES knowingly and intentionally made unauthorized physical contact of an insulting or provoking nature with Plaintiffs' minor, MARY DOE, and/or made unauthorized physical contact with Plaintiffs' minor, MARY DOE, resulting in physical harm when he perpetrated multiple acts of sexual assault.

10. As a direct and proximate result of the aforesaid acts and/or omissions by Defendant CHRISTOPHER GARCES, Plaintiffs' minor, MARY DOE, sustained and will continue to suffer injuries of a personal and pecuniary nature.

FILED DATE: 7/19/2021 8:48 AM   2021L007265

WHEREFORE, Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, demand judgment against Defendant CHRISTOPHER GARCES in an amount in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

        Respectfully submitted,

        /s/ James C. Pullos
        Attorney for Plaintiffs

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., 36th Floor
Chicago, IL 60602
T: (312) 899-9090
F: (312) 251-1160
JCP@cliffordlaw.com
Firm ID: 32640

FILED DATE: 7/19/2021 8:48 AM 2021L007265

FILED
7/19/2021 8:48 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L007265

14083553

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 2021L007265 ) |
| INFINITY GYMNASTICS ACADEMY, LLC, A Limited Liability Company, JULIE STEPANCHENKO, and CHRISTOPHER GARCES, | ) ) ) ) ) *Plaintiffs demands trial by jury* |
| Defendants. | ) ) |

## SUPREME COURT RULE 222(b) AFFIDAVIT REGARDING DAMAGES SOUGHT

JAMES C. PULLOS, being first duly sworn under oath, states as follows:

1. That the affiant is one of the attorneys of record for the Plaintiffs in this matter.

2. That the total money damages sought in this civil action exceeds the amount of $50,000.00.

FURTHER AFFIANT SAYETH NOT.

By: /s/ James C. Pullos
James C. Pullos

[X] Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3600
Chicago, Illinois 60602
(312) 899-9090
JCP@CliffordLaw.com
Attorney No. 32640

FILED DATE: 7/19/2021 8:48 AM   2021L007265

FILED
7/19/2021 8:48 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021L007265

14083553

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a Minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2021L007265 ) |
| INFINITY GYMNASTICS ACADEMY, LLC, A Limited Liability Company, JULIE STEPANCHENKO, and CHRISTOPHER GARCES, | ) ) ) ) ) *Plaintiffs demands trial by jury* |
| Defendants. | ) ) |

## JURY DEMAND

Plaintiffs JOHN DOE and JANE DOE, as Parents and Next Friends of MARY DOE, a

Minor, hereby demand a trial by a jury.

/s/ James C. Pullos
James C. Pullos
Attorney for Plaintiffs


James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 North LaSalle Street
Suite 3600
Chicago, Illinois 60602
(312) 899-9090
(312) 251-1160
jcp@CliffordLaw.com
Attorney No. 32640