IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARCH INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>INFINITY GYMNASTICS ACADEMY, LLC, et al.,<br><br>Defendants. | Case No. 1:22-cv-01735<br><br>Hon. Charles R. Norgle |

## ORDER

Plaintiff Arch Insurance Company's complaint is dismissed without prejudice for lack of subject matter jurisdiction. The Clerk is instructed to terminate this case.

## STATEMENT

The Court has an obligation to jealously guard its limited jurisdiction and act *sua sponte* when necessary to defend it. Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir. 1986); State Oil Co. v. Khan, 839 F. Supp. 543, 545 (N.D. Ill. 1993). Thus, "[t]he first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged." Wisconsin Knife Works, 781 F.2d at 1282.

Arch Insurance Company filed this insurance coverage lawsuit against Infinity Gymnastics Academy, LLC, Julie Stepanchenko, Christopher Garces, and John and Jane Doe. Dkt. 1. Arch seeks a declaratory judgment that it has no duty to defend or indemnify Infinity, Stepanchenko, or Garces in connection with the Does' lawsuit, brought on behalf of their minor child, seeking damages against Infinity, Stepanchenko, and Garces for the alleged sexual assault of the child at Infinity's gymnastics facility. Id. at ¶¶ 1-3. Since Arch's declaratory judgment claims turn on issues of state insurance contract law, Arch invokes the Court's subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. Id. at ¶ 11. As the party invoking the Court's diversity jurisdiction, Arch must plead sufficient allegations to demonstrate that § 1332's amount in controversy and complete diversity requirements are met. See Tylka v. Gerber Prod. Co., 211 F.3d 445, 448 (7th Cir. 2000).

§ 1332 requires an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a). Though not alleged in any detail, Arch alleges that the amount in controversy exceeds $75,000. Dkt. 1 at ¶ 11. Based on the nature of the horrific acts alleged in the underlying lawsuit, see Dkt. 1-1, as well as the multi-million dollar limits of Infinity's primary and excess liability policies with Arch, see Dkt. 1-2 at 14 and Dkt. 1-3 at 3, the Court concludes that Arch has sufficiently alleged

that the amount in controversy requirement is satisfied. See Oshana v. Coca-Cola Co., 472 F.3d 506, 511 (7th Cir. 2006) ("a good-faith estimate of the stakes is acceptable if it is plausible").

§ 1332 also conditions the Court's diversity jurisdiction on "'complete' diversity of citizenship (meaning that none of the parties on either side of the litigation may be a citizen of a state of which a party on the other side is a citizen)." Howell by Goerdt v. Tribune Entertainment Co., 106 F.3d 215, 217 (7th Cir. 1997); see also Page v. Democratic Nat'l Cmte., 2 F.4th 630, 636 (7th Cir. 2021) ("a federal court must satisfy itself that no party on the plaintiff's side of the suit shares citizenship with any party on the defendant's side"). Arch properly alleges its own citizenship, as it "is a corporation organized under the laws of the State of Missouri with its principal place of business in New Jersey." See 28 U.S.C. § 1332(c)(1) (corporate citizenship includes state of incorporation and principal place of business).

But Arch falters on the citizenship of the defendants in numerous ways. One overarching concern that the Court notes is Arch's allegations relating to the defendants being made "on information and belief." See Dkt. 1 at ¶¶ 6-10. The propriety of doing so is subject to uncertainty in this Circuit. Compare Leggitt v. Wal-Mart Stores, Inc., No. 10-245-GPM, 2010 WL 1416833, *3 (S.D. Ill. Apr. 5, 2010) (collecting cases for the proposition that "jurisdictional allegations must be made on personal knowledge, and jurisdictional allegations made on information and belief are insufficient to invoke the diversity jurisdiction of a federal court") with Medical Assur. Co., Inc. v. Hellman, 610 F.3d 371, 376 (7th Cir. 2010) (naked declaration that there is diversity of citizenship is never sufficient but alleging a particular state of citizenship for each party may be enough in some circumstances even if done "on information and belief").

But there are more fundamental errors in Arch's attempt to invoke the Court's diversity jurisdiction. Starting with Infinity, it is a limited liability company, the citizenship of which is determined by the citizenship of its members. Page v. Democratic Nat'l Cmte., 2 F.4th 630, 635 (7th Cir. 2021); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006). And "'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be.'" Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (quoting Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002)).

Arch's complaint alleges that Infinity is an Illinois limited liability company that was involuntarily dissolved by the Illinois Secretary of State on December 14, 2018. Dkt. 1 at ¶ 6. According to the complaint, Stepanchenko "was the agent and sole manager of Infinity at the time of its dissolution." Id. at ¶ 7. But that says nothing of Infinity's membership since the agent or manager of an Illinois limited liability company are not necessarily members or vice versa. See 805 Ill. Comp. Stat. 180/1-5 ("'Registered agent' means a person who is an agent for service of process on the limited liability company who is appointed by the limited liability company and whose address is the registered office of the limited liability company."), 13-5(a) ("A member is not an agent of a limited liability company solely by reason of being a member."), 15-1(c) (manager-managed limited liability companies are not managed by members).

Elsewhere, Arch notes that the underlying lawsuit alleges that Infinity is owned and operated by Stepanchenko. Dkt. 11 at ¶ 2. But even that allegation does not necessarily imply that Stepanchenko is a member of Infinity. See 805 Ill. Comp. Stat. 180/10-1 (describing the circumstances in which a person becomes a member of a limited liability company). Arch continues, "Based on a reasonable investigation, Arch has been unable to identify any publicly-available information identifying any managers or members of Infinity other than Stepanchenko." Dkt. 11 at ¶ 7. Though, again, Arch has not alleged that Stepanchenko was a member of Infinity,

and managers of limited liability companies are irrelevant to citizenship of the limited liability company for purposes of the Court's diversity jurisdiction unless the manager is also a member.

Arch concludes as to Infinity, "Arch has no information from which to conclude, however, that any members or managers of Infinity are or were persons or entities who are or were citizens of or domiciled in either Missouri or New Jersey." Dkt. 1 at ¶ 7. Perhaps so, but the absence of information or evidence that destroys complete diversity does not satisfy Arch's burden to plead allegations that establish complete diversity. See Tylka, 211 F.3d at 448. Additionally, even if the Court were to construe that allegation as one of negative citizenship, it is insufficient to establish diversity. See Dalton v. Teva N.A., 891 F.3d 687, 690 (7th Cir. 2018) ("a complaint may not merely allege diversity of citizenship without identifying the defendants' states of citizenship . . . and it is difficult to perceive any material difference between that practice and the bare assertion that the defendants are citizens of 'another state different from the Plaintiff'"). Thus, Arch's complaint does not identify all members of Infinity or allege the citizenship of each member (or any further layers of partners or members if any of Infinity's members are unincorporated associations) and, therefore, fails to establish complete diversity. See Page, 2 F.4th at 636; Montgomery v. Markel Int'l Ins. Co. Ltd., 259 F. Supp. 3d 857, 866-70 (requiring plaintiffs to identify each participating "Name" of a defendant insurance underwriting syndicate and to allege the citizenship of each, as well as the citizenship of any further layers of partners or members).

Arch includes a footnote in its complaint claiming it is "entitled" to limited discovery for the purpose of establishing complete diversity, particularly as to Infinity's members. But neither case that Arch cites is binding on this Court. And neither supports Arch's claim that it has an absolute right to discovery. In Lincoln Ben. Life Co. v. AEI Life, LLC, the Third Circuit held "that a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage." 800 F.3d 99, 102 (3d Cir. 2015). But that holding conflicts with long-established precedent in the Seventh Circuit that plaintiffs must affirmatively allege the citizenship of each partner or member of an unincorporated association to invoke the Court's diversity jurisdiction. See Hart v. Terminex Int'l, 336 F.3d 541, 543 (7th Cir. 2003) (tracing the layers of partners or members of unincorporated associations "may create some extra work for the diligent litigant, and for those with less diligence the limited partnership has become a notorious source of jurisdictional complications, in which mistakes concerning the existence of diversity jurisdiction are most common" (cleaned up)) cited with approval in Page, 2 F.4th at 635. And Zurich Am. Ins. Co. v. Tangiers Int'l LLC directly refutes Arch's assertion that it has a right to jurisdictional discovery, noting "a plaintiff does not enjoy an automatic right to jurisdictional discovery in every case." No. 18 C 2115, 2018 WL 3770085, *2 (N.D. Ill. Aug. 9, 2018). The court in Zurichp continued, "A plaintiff must make a *prima facie* showing with some competent evidence demonstrating that jurisdiction might exist in order to be entitled to jurisdictional discovery." Ibid. Arch has not made a *prima facie* showing as to Infinity's membership and citizenship and, notably despite the footnote on the issue in its complaint, has not asked for jurisdictional discovery.

Arch also falters on the citizenship of the individual defendants, Stepanchenko, Garces, and the Does. Like its allegations as to Infinity, Arch alleges that it "has no information from which to conclude . . . that the Does are citizens of or domiciled in either Missouri or New Jersey." Dkt. 1 at ¶ 10. But, again, even construing that as an allegation of negative citizenship, it is insufficient. Dalton, 891 F.3d at 690. Though qualified in perhaps unnecessarily opaque language, Arch does, however, allege that "the Does are citizens of or domiciled in Illinois." Dkt. 1 at ¶ 10. That allegation establishes the Does' citizenship because citizenship depends on an individual's

"domicile, which means the place where a person intends to live in the long run." RTP LLC v. ORIX Real Estate Capital, Inc., 827 F.3d 689, 692 (7th Cir. 2016). But Arch's allegations as to Stepanchenko and Garces are not framed in terms of domicile. Rather, Arch alleges that Stepanchenko "is a resident and/or citizen of Hinsdale, DuPage County, Illinois" and that Garces "is a resident and/or citizen of Chicago, Cook County, Illinois." Dkt. 1 at ¶¶ 8-9. By alleging that Stepanchenko and Garces are residents "and/or" citizens, Arch leaves open the possibility that Stepanchenko and Garces are merely residents of Illinois and therefore fails to allege their citizenship. And it is well-settled in this Circuit that "residence and citizenship are not synonyms and it is the latter that matters for purposes of diversity jurisdiction." Meyerson v. Harrah's E. Chicago Casino, 299 F.3d 616, 617 (7th Cir. 2002); see also RTP, 827 F.3d at 692 ("It is possible to reside in one state while planning to return to a long-term residence in another state."); Camico Mut. Ins. Co. v. Citizens Bank, 474 F.3d 989, 992 (7th Cir. 2007); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998); Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs., 101 F.3d 57, 59 (7th Cir. 1996).

In sum, there are myriad errors in Arch's attempt to invoke the Court's subject matter jurisdiction based on diversity of citizenship. Accordingly, the Court dismisses Arch's complaint without prejudice for lack of subject matter jurisdiction and instructs the Clerk to terminate this case.

IT IS SO ORDERED.

ENTER:

_____
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: April 5, 2022